**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
At Charleston

**ANDREW JACKSON EASTWOOD, JR.,**

    Plaintiff,

v.   Civil Action No. __2:24-cv-00178__

**MINGO COUNTY COMMISSION**, A West Virginia county government;
**MINGO COUNTY SHERIFF JOE SMITH**, individually and in his official capacity;
**DEPUTY J.D. TINCHER**, individually and in his official capacity;
**JOHN DOE OFFICERS/DEPUTIES**, individually and in their official capacities;

    Defendants.

## COMPLAINT

This is an action to redress the deprivation of Plaintiff's rights, privileges and immunities protected by the Constitution and Laws of the United States of America, particularly, but not limited to, the Fourth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution, pursuant to 42 USC § 1983, and otherwise. Plaintiff Andrew Jackson Eastwood, Jr., for his Complaint against the Defendants, states as follows:

### I.   JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343, et. seq. This action at law for money damages arises under 42 U.S.C. §§ 1983, 1988, the United States Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the Fourth, Fifth and Fourteenth Amendments of the Unites States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

2. This Court has supplemental jurisdiction over Plaintiff's State of West Virginia law claims pursuant to 28 U.S.C. 1367(a) as these claims arise out of the same set of facts as the federal claims such that all claims form part of the same case or controversy.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred in Mingo County, West Virginia, which is located in the Southern District of West Virginia.

## II. PARTIES

4. Plaintiff, Andrew Jackson Eastwood, Jr., was at the times relevant to this Complaint a resident of Mingo County, West Virginia. and subject to the unlawful actions of the Defendants.

5. Defendant Mingo County Commission ("Commission") is a political subdivision established by the laws of West Virginia. Pursuant to State of West Virginia law, the Commission created a police force, the Mingo County Sheriff's Department ("MCSD"). MCSD is subject to the authority, control and discipline of its administrative authority, the Mingo County Commission. The Mingo County Commission is a "person" as that term is defined in 42 U.S.C. § 1983.

6. Defendant Sheriff Joe Smith is the duly elected Sheriff employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

7. Defendant J.D. Tincher is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

8. Defendant John Doe Officers/Deputies are officers or deputies of MCSD. They are "persons" within the meaning of 42 U.S.C. § 1983 and at all relevant times were acting under color of state law. They are sued in both their individual and official capacities.

### III    FACTS

9. On or about April 29, 2022, Plaintiff was in Mingo County, West Virginia, in the old, abandoned Williamson Memorial Hospital. Mingo Deputy Sheriff J.D. Tincher arrived. Tincher ordered Plaintiff to turn around. After doing so, Tincher immediately and violently struck Plaintiff in the head with a mag lite flashlight causing blood to explode from the wound in Plaintiff's head. The blow knocked Plaintiff to the ground while Tincher stood above him. During these events, Plaintiff was unarmed and posed no threat and was complying with Tincher's orders.

10. The injuries inflicted upon Plaintiff were so severe Plaintiff required immediate medical attention. However, rather than transport Plaintiff to a medical facility, Tincher and possibly other John Doe Defendant officers transported Plaintiff to Williamson City Police Department where he continued to profusely bleed from the wound inflicted by Tincher for no less than ninety (90) minutes. In fact, Plaintiff was not even given rudimentary first aid materials to stop the bleeding and protect the wound. Upon finally arriving at Logan General Hospital, Plaintiff was administered no less than four (4) staples to the head. While the doctor was administering care, he inquired how Plaintiff sustained the injuries. Plaintiff informed the doctor he was beat and battered by Defendant Tincher with a flashlight. Defendant Tincher overheard this comment and stated something along the lines of "you mean this flashlight?" while holding up his keychain with a miniature mag lite flashlight approximately three (3)

inches long. Plaintiff informed the doctor of the size of the mag lite flashlight Defendant Tincher used to strike him.

### IV. ALLEGATIONS

### COUNT I
### CIVIL RIGHTS VIOLATION
### (Excessive Force– 42 U.S.C. § 1983)

19. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates the same herein and make each a part hereof.

20. The degree of force actually used against Plaintiff was objectively unreasonable, excessive and unwarranted and violated the Plaintiff's clearly established right to be free from excessive force when the person had already surrendered, which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

21. The Defendant officers' actions/inactions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Plaintiff's safety and constitutional rights.

22. The Defendant officers' actions/inactions were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

### COUNT II
### CIVIL RIGHTS VIOLATION
### (Failure to Provide Timely Medical Care– 42 U.S.C. § 1983)

23. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

4

24. Defendant Tincher committed excessive force against Plaintiff which caused severe head wounds. However, rather than providing first aid to stop the bleeding and materials to protect the wound and transport Plaintiff to a medical facility, Tincher and possibly other John Doe Defendant officers failed to do so for approximately ninety (90) minutes.

25. Tincher and possibly other John Doe Defendant officers knew Plaintiff was severely injured based upon his/their own actions, observations, remarks made and Plaintiff's complaints.

26. Despite Plaintiff's severe injuries, Tincher and possibly other John Doe Defendant officers did not provide or ensure Plaintiff was immediately transported for emergency medical services.

27. Tincher and possibly other John Doe Defendant officers did not provide medical treatment or transport Plaintiff for emergency medical services even though Plaintiff's condition was of such that he required immediate medical treatment and needed to be transported to the hospital.

28. Tincher and possibly other John Doe Defendant officers did not immediately provide or transport Plaintiff for emergency medical services in order to wantonly and intentionally cause him further unnecessary pain and suffering and emotional distress.

29. Tincher's and possibly other John Doe Defendant officers' actions and/or inactions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Plaintiff's safety, care and constitutional rights.

30. Tincher's and possibly other John Doe Defendant officers' actions and/or inactions were the direct and proximate cause of furtherance of Plaintiff's injuries and constitutional violations of which Plaintiff complains.

## COUNT III
## MUNICIPAL LIABILITY

31.     Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

32.     The above-described deprivation of Plaintiff's constitutional rights were caused by implementation of customs, policies, or official acts of Defendants Mingo County Commission and Sheriff Joe Smith,; to wit, among other things: Negligently hiring Defendant officers, permitting police officers to engage in law enforcement contacts without supervision, failure to adequately train, supervise and discipline its police officers regarding lawful detention, the proper use of force, and the failure to adequately train, supervise and discipline its police officers regarding the requirement to provide immediate medical assistance to injured arrestees as well as negligently retaining officers previously accused of excessive force.

33.     Defendants Mingo County Commission and Sheriff Joe Smith, by these acts and omissions, have exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights and safety which its customs and policies pose.

34.     Defendants Mingo County Commission's and Joe Smith's customs and policies violate the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and its West Virginia counterparts.

35.     The customs, practices and policies of Defendants Mingo County Commission and Joe Smith were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

## COUNT IV
## WEST VIRGINIA STATE LAW CLAIMS

36. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this complaint, and by this reference incorporates the same herein and make each a part hereof.

37. State law and common law claims and causes of action are asserted by Plaintiff are alleged against all Defendants as follows:

    (a) Tort of harassment;

    (b) Tort of unwelcome touching of his/their person, specifically, on occasions the individual Defendants perpetrated the same;

    (c) Tort of civil battery;

    (d) Tort of civil assault;

    (e) Tort of intentional infliction of emotional distress/tort of outrage;

    (f) Tort of outrageous and atrocious conduct;

    (g) Tort of invasion of his right to privacy;

    (h) Tort of civil conspiracy;

    (i) other statutory and common law causes of action, including but not limited to, common law negligence against all Defendants, if applicable.

38. The above-described actions constitute the following State West Virginia law claims against Defendant Mingo County Commission, Defendant Sheriff Smith, Defendant Tincher and possibly Defendant John Does:

A. Negligent Hiring
B. Negligent Retention
C. Negligent Supervision
D. Negligence
E. Civil Conspiracy
F. Outrage/Intentional Infliction of Emotional Distress

39. Defendants had duties through State of West Virginia laws – statutory and common laws - breached said duties and were the proximate and direct cause of Plaintiff's damages.

## V. PUNITIVE and EXEMPLARY DAMAGES

40. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

42. The conduct of all Defendants was so egregious, malicious and atrocious that Plaintiff requests and deserves punitive and exemplary damages. These damages are to punished the conduct addressed above and to deter such conduct in the future and relay consequences thereof. To that end, Plaintiff requests these punitive and exemplary damages in a sum which is within the jurisdictional limits of this Court for each Defendant.

## VI. DAMAGES

42. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

43. Defendants' individual and collective actions and/or inactions were a proximate cause of the following injuries suffered by Plaintiff:

    (a)    Actual damages;

    (b)    Punitive and exemplary damages;

    (c)    Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    (d)    Pain, suffering and mental anguish suffered by Plaintiff;

    (e)    Mental anguish and emotional distress suffered by Plaintiff;

    (f)    Loss of quality of life suffered by Plaintiff;

    (g)    Loss of service;

    (h)    Loss of future earnings, benefits and wages;

  (i)  Pursuant to 42 U.S.C. §1988 and other applicable laws, Plaintiff and Plaintiff's counsel are entitled to reasonable attorney fees, costs and expenses for preparation and prosecution of this civil matter including for its appeal, if applicable.

  (j)  Pre-judgment and post-judgment interest;

  (k)  Any other damages this Court and/or the jury decide is just and fair.

## VII. COSTS AND ATTORNEY FEES

44. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

45. As stated above, Plaintiff and his counsel are entitled to attorney fees, costs and expenses in prosecuting this civil matter pursuant to 42 U.S.C. §1988(b). As such, Plaintiff respectfully requests the Court award the same.

## VIII. JOINT AND SEVERAL LIABILITY

46. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

47. Plaintiff would show the Defendants were jointly and severally liable for the gross negligence and intentional acts which were the proximate causes of Plaintiff's injuries.

## IX. PRAYER FOR RELIEF

WHEREFORE, based upon the above stated facts, Plaintiff Andrew Jackson Eastwood, Jr., requests judgment against the Defendants in an amount that will fully and fairly compensate Plaintiff for his injuries including medical expenses, pain and suffering, loss of enjoyment of life, annoyance, aggravation, psychological distress and any other compensatory damages to be proved at trial. Plaintiff further requests reasonable attorney fees and costs, all

other damages provided by law and any other relief this Court deems just and fair. Plaintiff further requests punitive damages against the Defendant officers and individual Defendants.

**PLAINTIFF DEMANDS A JURY TRIAL.**

**ANDREW JACKSON EASTWOOD, JR.**
**By Counsel**

s/ Kerry A. Nessel_____
Kerry A. Nessel, Esquire, WVSB 7916
THE NESSEL LAW FIRM, P.L.L.C.
418 Ninth Street
Huntington, WV 25701
Office: 304.697.6377
Nessel@comcast.net